# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., as assignee and subrogee of ARS Intermediate Holdings, LLC and American Residential Services, L.L.C.,<br><br>Plaintiff,<br>v.<br><br>MARK JONES,<br><br>Defendant. | No.: |

## PLAINTIFF'S CIVIL ACTION COMPLAINT

Plaintiff, National Union Fire Insurance Company of Pittsburgh, Pa., as assignee and subrogee of ARS Intermediate Holdings, LLC and American Residential Services, L.L.C., by and through its attorneys, files a Complaint against Defendant, Mark Jones, and in support thereof avers the following:

## PARTIES

1. Plaintiff, National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union"), is a Pennsylvania insurance company formed and existing in accordance with the laws of the Commonwealth of Pennsylvania, with a principal place of business located at 175 Water Street, New York, New York 10038.

2. Defendant, Mark Jones ("Jones"), is a citizen of Tennessee with a principal domicile located at 1506 Sudbury Court, Old Hickory, Tennessee 37138.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over the claims in this Complaint pursuant to 28 U.S.C. § 1332.

1

4. Venue is proper under 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(b)(2) because the Defendant resides in this district and a substantial part of the events giving rise to the claim occurred in this district.

## FACTUAL ALLEGATIONS

5. Until March, 2018, Jones was employed as a Warehouse Manager for American Residential Services, L.L.C. ("ARS") in Nashville, Tennessee.

6. ARS, a subsidiary of ARS Intermediate Holdings, LLC ("ARS Holdings"), is an HVAC and plumbing contractor.

7. From 2015 through March, 2018, Jones, in his role as Warehouse Manager for ARS, engaged in a scheme in which he misappropriated $157,442.06 worth of equipment from ARS through the creation and submission of fraudulent purchase orders.

### *The Scheme*

8. In his role as Warehouse Manager for ARS, Jones' job responsibilities included ordering supplies and equipment from vendors for use on HVAC and plumbing jobs to be performed by ARS.

9. Between 2015 and March, 2018, Jones, in his capacity as ARS' Warehouse Manager, created fraudulent purchase orders for HVAC and plumbing equipment and submitted the fraudulent purchase orders to certain vendors of ARS.

10. Upon receipt of the purchase orders submitted by Jones, the vendors processed the purchase orders by providing the requested equipment to Jones and submitting invoices totaling $157,442.06 to ARS for payment of same.

11. Jones represented to ARS that the fraudulent purchase orders he submitted were for equipment to be use on ARS jobs.

12. ARS, in reliance upon the representations of Jones, issued payment to the equipment vendors for the equipment specified in the fraudulent purchase orders.

13. Rather than provide the equipment obtained pursuant to the fraudulent purchase orders to ARS for use on ARS jobs, Jones instead retained the equipment for his personal benefit or sold the equipment to others for his financial benefit.

14. In total, ARS paid $157,442.06 pursuant to the fraudulent purchase orders for equipment that it did not receive.

15. Jones was able to conceal his theft from ARS by submitting the fraudulent purchase orders on the accounts of select ARS jobs that Jones knew were already completed and profitable and for which Jones knew the invoices submitted by equipment vendors would be paid by ARS without heavy scrutiny.

16. On March 22, 2018, ARS discovered the theft and subsequently terminated Jones' employment with ARS.

17. Upon being confronted by ARS representatives regarding the theft, Jones confessed to his participation in the theft.

18. To date, Jones has not returned any of the misappropriated equipment to ARS or reimbursed ARS for its loss sustained due to the misappropriated equipment.

### ***The Claim***

19. National Union issued a policy of insurance (No. 01-317-61-98) (the "Policy") to ARS Holdings, in which National Union agreed to insure ARS Holdings and its subsidiaries, including ARS, for losses sustained due to employee dishonesty.

20. Pursuant to the Policy, National Union indemnified ARS Holdings and ARS for the losses sustained as a result of the actions of Jones.

21. As a result of indemnifying ARS Holdings and ARS, National Union has become subrogated to ARS Holdings and ARS.

22. Additionally, ARS Holdings and ARS assigned to National Union all of the rights, claims and causes of action that ARS Holdings and ARS have against Jones. A true and correct copy of the Assignment and Release agreement is attached hereto as Exhibit "A".

## COUNT I
## FRAUD
### National Union v. Jones

23. National Union repeats and realleges the above allegations as if set forth herein.

24. By submitting fraudulent purchase orders for equipment on the accounts of select ARS jobs, Jones represented to ARS that the equipment being ordered would be used by ARS for business purposes.

25. The representations made by Jones were material and false because the equipment was not used by ARS, but rather was retained by Jones for his personal benefit or sold to others by Jones for his financial benefit.

26. Jones made the above-referenced misrepresentations intentionally and with knowledge of their falsity.

27. Jones made the above-referenced misrepresentations with the intent to deceive ARS and to induce ARS to render payment for the equipment specified in the fraudulent purchase orders.

28. ARS did justifiably rely upon the misrepresentations of Jones when it rendered payment for the equipment specified in the fraudulent purchase orders.

29. The actions of Jones were wanton, willful and committed with actual malice.

30. As a proximate result of the fraudulent conduct of Jones, ARS, and thus National Union, suffered a loss in the principal amount of $157,442.06 and is entitled to an award of punitive damages in addition to compensatory damages.

**WHEREFORE**, Plaintiff, National Union, demands judgment in its favor and against Defendant, Mark Jones, for compensatory damages in the amount of $157,442.06, together with punitive damages, interest, costs and all further relief that the Court determines to be appropriate.

## COUNT II
### CONVERSION
**National Union v. Jones**

31. National Union repeats and realleges the above allegations as if set forth herein.

32. ARS was the rightful owner of $157,442.06 in HVAC and plumbing equipment.

33. Without ARS' consent and without lawful justification, Jones deprived ARS of its rightful possession and ownership of the $157,442.06 in HVAC and plumbing equipment and exercised unauthorized dominion and control of same through his fraudulent purchase order scheme as alleged herein.

34. Jones has refused to return the $157,442.06 in HVAC and plumbing equipment that he converted.

35. The actions of Jones were wanton, willful and committed with actual malice.

36. As a result of the actions of Jones, ARS, and thus National Union, suffered a loss in the principal amount of $157,442.06 and is entitled to an award of punitive damages in addition to compensatory damages.

**WHEREFORE**, Plaintiff, National Union, demands judgment in its favor and against Defendant, Mark Jones, for compensatory damages in the amount of $157,442.06, together with punitive damages, interest, costs and all further relief that the Court determines to be appropriate.

## COUNT III
## BREACH OF FIDUCIARY DUTY
### National Union v. Jones

37. National Union repeats and realleges the above allegations as if set forth herein.

38. As ARS' Warehouse Manager with the responsibilities of supervising ARS' warehouse and ordering supplies and equipment on behalf of ARS, Jones owed a fiduciary duty to ARS to act in ARS' best interests and to refrain from stealing from ARS.

39. Jones breached his fiduciary duty owed to ARS by submitting fraudulent purchase orders for equipment and retaining or selling the equipment for his personal benefit instead of providing the equipment to ARS.

40. Jones' actions were wanton, willful and committed with actual malice.

41. As a result of Jones' breach of fiduciary duty, ARS, and thus National Union, suffered a loss in the principal amount of $157,442.06 and is entitled to an award of punitive damages in addition to compensatory damages.

**WHEREFORE**, Plaintiff, National Union, demands judgment in its favor and against Defendant, Mark Jones, for compensatory damages in the amount of $157,442.06, together with punitive damages, interest, costs and all further relief that the Court determines to be appropriate.

## COUNT IV
## UNJUST ENRICHMENT
### National Union v. Jones

42. National Union repeats and realleges the above allegations as if set forth herein.

43. Jones obtained a benefit from ARS in the total amount of $157,442.06 through his misappropriation of equipment from ARS.

44. Jones accepted and retained the benefit by not returning the misappropriated equipment, or funds derived therefrom, to ARS or National Union.

45. Jones did not provide compensation to ARS in exchange for the benefit that he received from ARS.

46. It is inequitable and unjust for Jones to continue to retain the benefit that he received from ARS without disgorging such benefit or compensating ARS, and thus National Union, for such benefit.

47. As a result of the Jones' unjust enrichment, ARS, and thus National Union, suffered a loss in the principal amount of $157,442.06.

**WHEREFORE**, Plaintiff, National Union, demands judgment in its favor and against Defendant, Mark Jones, for compensatory damages in the amount of $157,442.06, together with interest, costs and all further relief that the Court determines to be appropriate.

Respectfully submitted,

/s/ Jeffrey S. Price
Jeffrey S. Price, BPR No. 019550
Justin D. Wear, BPR No. 023954
MANIER & HEROD, P.C.
1201 Demombreun St., Suite 900
Nashville TN 37203
615-244-0030       Phone
615-242-4203       Fax
jprice@manierherod.com
jwear@manierherod.com

*Attorneys for Plaintiff*